IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HILDA L. SOLIS, : | |
| SECRETARY OF LABOR : | |
| U.S. Department of Labor, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:06-CV-341 (CAR) |
| : | |
| BLUE BIRD CORPORATION, : | |
| : | |
| Defendant. : | |

_____

*ORDER ON MOTION FOR RECONSIDERATION*

Before the Court is Plaintiff Hilda L. Solis's, Secretary of Labor, Motion for Reconsideration [Doc. 35]. Through the Motion, the Secretary requests that this Court reconsider the portion of the Court's Order staying former employee Ricky Dye's reinstatement of employment with Defendant Blue Bird Corporation ("Blue Bird") pending resolution of Blue Bird's appeal to the Eleventh Circuit Court of Appeals. Blue Bird has filed a response to the Moion. For the reasons stated below, the Secretary of Labor's Motion [Doc. 35] is **DENIED**.

**BACKGROUND**

The Secretary of Labor filed this action on behalf of Ricky Dye, a former employee of Blue Bird, contending that Mr. Dye was unlawfully discriminated against and terminated by Blue Bird in violation of Section 11(c)(1) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c)(1). After holding a bench trial, this Court granted judgment in favor of the Secretary of Labor and against Blue Bird on all claims. Judgment was entered directing that Mr. Dye be reinstated at Blue Bird in his prior position with prior benefits, and directing that back pay be

awarded to Mr. Dye in accordance with the parties' Stipulation.  Thereafter, Blue Bird filed its notice of appeal with the Eleventh Circuit Court of Appeals.  After filing its appeal, Blue Bird filed in this Court its motion to stay enforcement of the judgment pending the outcome of the appeal, together with an appeal bond in an amount stipulated between the parties as being satisfactory.  Four days later, before the Secretary of Labor had an opportunity to respond to the motion, this Court granted the motion, stayed execution of the judgment, and approved the appeal bond.  The Secretary of Labor now files the Motion at bar asking this Court to reconsider its portion of the order staying Mr. Dye's reinstatement of employment with Blue Bird.

## DISCUSSION

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders.  Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 1322, 1338 (N.D. Ga. 2000).  Such a motion, however, "shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  "Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Brogdon, 103 F. Supp. at 1338 (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997); Paper Recycling v. Amoco Oil Co., 856 F. Supp. 671, 678 (N.D. Ga. 1993)). Rather, appropriate grounds for reconsideration include: (1) intervening change in controlling law, (2) availability of new evidence, and (3) a need to correct clear error or prevent manifest injustice.  See Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).

Reconsideration of a previous order is "an extraordinary measure and should be applied sparingly in the interests of finality and conservation of scarce judicial resources."  Scelta v.

Delicatessen Support Services, Inc., 89 F. Supp. 1311, 1320 (M.D. Fla. 2000) (citation omitted). Nevertheless, a district court, in the exercise of its own discretion, may reconsider or readdress any order prior to the entry of final judgment.  See Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995).

The Court recognizes that the Secretary of Labor did not have the opportunity to respond to Blue Bird's original motion to stay execution of the judgment pending resolution of the appeal; however, after fully considering the Secretary of Labor's arguments and the applicable law, the Court finds no reason to alter its original decision.  This Court has the authority to stay a grant of injunctive relief, such as Mr. Dye's reinstatement of employment in this case, pending the resolution of an appeal.  See Fed. R. Civ. P. 62(c) ("While an appeal is pending from a. . . final judgment that grants . . . an injunction, the court may suspend . . . an injunction on terms for bond. . . .").  The Court must consider the following factors in deciding whether to stay an injunction: (1) the applicant's likelihood of prevailing on the merits; (2) whether the applicant will suffer irreparable harm absent a stay; (3) the harm to other parties if a stay is granted; and (4) where the public interest lies.  See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

In balancing these factors, the Court finds that despite the fact Blue Bird is unlikely to prevail on the merits of its appeal, the remaining factors favor a stay.  Blue Bird has shown that it would suffer potentially irreparable harm if the stay is not granted.  Mike McCurdy, Director of Human Resources, filed a Declaration stating the potential harm to the morale at the facility if Mr. Dye is returned to work during the pendency of the appeal.  Mr. McCurdy avers that he has received reports that Mr. Dye has made demoralizing statements about the company, including

that some of its employees are "liars," and that Blue Bird tried to "screw" him. Moreover, Mr. McCurdy states that Mr. Dye has advertised the dollar amount of this Court's award, and, even though the company has informed employees they will receive no pay raises during 2009, Mr. Dye has apparently "bragged" to others he will receive back raises. In contrast, the Court finds that Mr. Dye would not be irreparably harmed by waiting to be reinstated until after the outcome of the appeal since he will be entitled to additional back pay if the appeal is unsuccessful. Finally, the public interest lies in maintaining the status quo.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion for Reconsideration [Doc. 35] is **DENIED**.

**SO ORDERED,** this 27th day of July, 2009.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

SSH