**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **HILDA L. SOLIS,** : | |
| **SECRETARY OF LABOR** : | |
| **U.S. Department of Labor,** : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:06-CV-341 (CAR) |
| : | |
| **BLUE BIRD CORPORATION,** : | |
| : | |
| Defendant. : | |

*ORDER ON LIMITED REMAND FROM ELEVENTH CIRCUIT TO RECONSIDER
DEFENDANT'S MOTION TO STAY IN LIGHT OF <u>NKEN V. HOLDER</u>*

This case is before the Court on a limited remand from the Eleventh Circuit Court of Appeals instructing this Court to consider whether Defendant Blue Bird Corporation ("Blue Bird") has demonstrated eligibility for a stay of injunctive relief under <u>Nken v. Holder</u>, __ U.S. __, 129 S. Ct. 1749, 1760-62 (2009). On May 26, 2009, this Court granted Blue Bird's Motion to Stay Enforcement of the Judgment [Doc. 34] pending resolution of Blue Bird's appeal to the Eleventh Circuit. The Court stayed its Judgment ordering Blue Bird to (1) reinstate former employee Ricky Dye in his prior position with Blue Bird with all prior benefits; and (2) award Mr. Dye back pay in accordance with the parties' Stipulation.[1] In its Order, however, the Court did not address <u>Nken v. Holder</u>. Having now considered the factors set forth in <u>Nken v. Holder</u>, this Court finds Blue Bird has not demonstrated eligibility for a stay. Thus, the Court alters its original decision and finds that Blue Bird's Motion to Stay Enforcement of the Judgment [Doc.

---

[1] The Secretary of Labor did not object to staying the monetary award; it objected only to the stay reinstating Mr. Dye to his prior position with Blue Bird.

34] should be **DENIED**.

## BACKGROUND

The Secretary of Labor filed this action on behalf of Ricky Dye, a former employee of Blue Bird contending that Mr. Dye was unlawfully discriminated against and terminated by Blue Bird in violation of Section 11(c)(1) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c)(1) ("OSHA"). After holding a bench trial, this Court granted judgment in favor of the Secretary of Labor and against Blue Bird on all claims. Judgment was entered directing that Mr. Dye be reinstated at Blue Bird in his prior position with prior benefits, and directing that back pay be awarded to Mr. Dye in accordance with the parties' Stipulation. Thereafter, Blue Bird filed its notice of appeal with the Eleventh Circuit Court of Appeals. After filing its appeal, Blue Bird filed in this Court its Motion to Stay Enforcement of the Judgment pending the outcome of the appeal, together with an appeal bond in an amount stipulated between the parties as being satisfactory. This Court granted Blue Bird's Motion to stay, stayed execution of the judgment, and approved the appeal bond. The Eleventh Circuit now asks the Court to determine whether it needs to alter its decision in light of the recent Supreme Court case, Nken v. Holder, __ U.S. __, 129 S. Ct. 1749, 1760-62 (2009). The Court finds that it does. In considering and weighing the criteria set forth in Nken, the Court finds that a stay is improper, and thus the Motion to stay should be denied.

## DISCUSSION

The decision to grant a stay must not be entered into lightly as "[a] stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might result to the appellant." Nken, 129 S. Ct. at 1757 (citation and internal quotation marks omitted). A stay of a judgment pending appeal is "an

exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Id. at 1760-61. In Nken, the Supreme Court reaffirmed the traditional factors governing a court's authority to stay a judgment pending judicial review. Id. at 1760-62. Thus, in determining whether to stay a judgment, the Court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies." Nken, 129 S. Ct. at 1756 (quoting Hilton v. Braunskill, 481 U.S. 770 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 1761 (citations omitted). The Supreme Court makes clear that "[t]he first two factors of the traditional standard are the most critical." Id. Applying the factors here, the Court finds that Blue Bird cannot meet the high burden necessary to establish a stay of the judgment reinstating Mr. Dye in his prior position.

Success on the Merits

The Court finds Blue Bird is unlikely to succeed on the merits of its appeal. In order to obtain a stay, Blue Bird must show that the likelihood of success on the merits is "better than negligible." Nken, 129 S. Ct. at 1761 (citation omitted). It is not enough for Blue Bird to show "a mere possibility of relief" to satisfy the first factor. Id. Despite Blue Bird's arguments to the contrary, the Court's finding that Mr. Dye was fired because he expressed safety concerns about his employment is well supported by the evidence in the record, including the testimony of the witnesses and this Court's observation of their demeanor.

This Court's conclusion that the Secretary established a prima facie case of unlawful retaliatory discharge under OSHA is well supported by the evidence. First, Mr. Dye engaged in

protected activity under section 11(c) when he in good faith expressed his safety concerns to his group leader and his direct supervisor. Second, he suffered an adverse employment action when Blue Bird terminated him. This Court evaluated the evidence presented and found that Mr. Dye was fired and did not quit. Finally, because Mr. Dye was terminated only a few hours after expressing his safety concerns, the evidence supports the Court's determination that Blue Bird terminated Mr. Dye because he made safety complaints.

The Court's conclusion that Blue Bird's proffered reasons for discharging Mr. Dye are merely pretext for discrimination is also well supported by the evidence. This Court found persuasive that Blue Bird inconsistently maintained that Mr. Dye quit and that he was fired for insubordination. The Court's decision rests soundly on its determination that Mr. Dye and the witnesses for the Secretary were more credible than the witnesses for Blue Bird.

Blue Bird argues for the first time on appeal that the Secretary cannot maintain this action because she has sued the wrong party. Blue Bird argues that under OSHA, the Secretary should have sued Mr. Dye's supervisor, Steve Hamdan, not his employer, Blue Bird. Blue Bird contends that under OSHA, if the employer's safety policy, training, and discipline are sufficient to make the supervisor's conduct in violation of the policy unforeseeable, a supervisor's knowledge of his own malfeasance does not impute to the employer. The argument continues that because the Secretary presented no evidence regarding Steve Hamdan's knowledge of Blue Bird disciplinary procedures or his training regarding the same, the Secretary cannot carry her burden of proof.

This legal argument, however, was not presented for review by this Court. "Ordinarily a party may not present a wholly new legal issue in a reviewing court." 9C Charles Alan Wright

& Arthur R. Miller, *Federal Practice and Procedure*, § 2588 (3d ed. 2008) (footnotes omitted). In only exceptional cases, in order to avoid a miscarriage of justice, may an appellate court consider questions of law neither pressed by the parties nor passed upon at trial by the district court. Securities & Exch. Comm'n v. Diversified Corp. Consulting Group, 378 F.3d 1219, 1227 n. 14 (11th Cir. 2004) ("appellate courts have held in a few cases that despite the absence of an objection they may consider an error so fundamental that it may have resulted in a miscarriage of justice.") (citations omitted); see also Wright & Miller, supra. Here, Blue Bird did not raise the argument before this Court to allow the Secretary an opportunity to present evidence regarding Steve Hamdan's knowledge of Blue Bird's disciplinary procedures or his training regarding the same. Moreover, the high burden Blue Bird carries in order to overcome the standard necessary for an appellate court to review such an argument of first impression does not alter this Court's conclusion that Blue Bird is unlikely to succeed on the merits of its appeal.

Irreparable Injury

The Court also finds that Blue Bird does not show it would suffer irreparable harm if the stay is not granted. As demonstrated in Nken, establishing irreparable harm is a heavy burden: Even deportation is insufficient to establish irreparable harm. 129 S. Ct. at 1761 ("Although removal is a serious burden for many aliens, that burden alone cannot constitute the irreparable injury."). It is not enough for Blue Bird to "simply show[] some possibility of irreparable injury" in order to satisfy the second factor. Id. (internal quotation marks and citation omitted). The Supreme Court has held that harms such as humiliation, damage to reputation, and financial expenditures fall short of the type of injury necessary for irreparable harm. See Sampson v. Murray, 415 U.S. 61, 91-92 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that . .

. corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

Blue Bird's allegations that if Mr. Dye is reinstated its employees' morale would suffer, and the company will suffer irreparable financial harm, do not rise to the level of irreparable harm necessary for a stay. Blue Bird's allegations that employees' morale would suffer is speculative and fails to establish a harm that is permanent and actual. Moreover, Blue Bird's allegations that the company would suffer irreparable financial harm upon Mr. Dye's reinstatement falls short of the type of injury necessary for irreparable harm and is likewise speculative. Mr. Dye is a skilled employee with twenty-five years of experience with Blue Bird.

Harm to Opposing Party and Public Interest

The final two factors that the Court must consider – harm to the opposing party and the public interest – merge when the Government is the opposing party. Nken, 129 S. Ct. at 1762. Although the harm to Mr. Dye is purely economical, and the public interest factor does not strongly favor either party, given the strength of the first two factors, Blue Bird does not make a showing strong enough to tip the balance in its favor. Again, the Supreme Court has made clear that "[t]he first two factors of the traditional standard are the most critical." Nken, 129 S. Ct. at 1761. Thus, because Blue Bird has failed to demonstrate a substantial likelihood of success on the merits or irreparable harm, this Court must deny Blue Bird's Motion for a Stay.

**CONCLUSION**

For the reasons explained above, the Court alters its original decision and finds that a stay of the judgment reinstating Mr. Dye in his former position is improper. Thus, the Court **DENIES** Blue Bird's Motion to Stay Enforcement of the Judgment. [Doc. 34].

**SO ORDERED,** this 4th day of December, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/apg